UNITED STATES DISTRICT COURT
MIDDLE DISRICT OF FLORIDA
ORLANDO DIVISION

TIFFANY JORDAN, )
)
    Plaintiff, )
)
v. ) Case No.:
)
UCF ATHLETICS )
ASSOCIATION, INC., )
)
    Defendant. )
_____ /

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, TIFFANY JORDAN ("Plaintiff" or "Jordan"), and files her Complaint against Defendant, UCF ATHLETICS ASSOCIATION, INC. ("Defendant" or "UCF"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII"), Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Florida Civil Rights Act of 1992 Fla. Stat. §§760.10, *et seq.* (hereinafter "FCRA"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and

1

retaliation against Plaintiff because of her pregnancy and her disability leading to her unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the district.

## THE PARTIES

5. Plaintiff, Jordan, is a permanent resident of the United States, and is and was at all times material, a resident of the state of Florida.

6. Defendant, UCF, is a Florida Not for Profit Corporation with its principal pace of business in Orlando, Florida.

7. Defendant does business and Plaintiff worked for Defendant in this District.

8. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On June 16, 2021, Plaintiff dual-filed a claim with the Florida Commission on Human Rights ("FCHR") and Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on sex, pregnancy, disability, and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On July 13, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue upon request.

13. This complaint was filed within ninety days of the EEOC's issuance of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff is Female.

15. Plaintiff worked for Defendant for approximately six years and eight months.

16. At the time of her termination, Plaintiff held the position of Assistant Coach for the University of Central Florida's ("UCF") Softball team.

17. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

18. In 2019, Plaintiff gave birth to her first child. Upon returning to work in 2020, Cynthia Malone, Head Coach, informed Plaintiff that she had considered terminating Plaintiff's employment during her pregnancy.

19. Around February 2021, Plaintiff informed Ms. Malone that she was pregnant and expecting to give birth in November 2021.

20. Thereafter, Ms. Malone excluded Plaintiff from communication between the coaching staff and the players during players meetings.

21. At all times relevant to this action, Plaintiff was a qualified individual with disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

22. At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodation.

23. On or about May 23, 2021, Ms. Malone commented to Plaintiff, "you look like you're moving kind of slow."

24. The following day, Plaintiff began to experience severe abdominal pain and was forced to seek medical treatment at Advent Health Lake Nona Emergency Room, where she was diagnosed with kidney stones and hospitalized.

25. Plaintiff's disability substantially limits her major life activities including but not limited to standing, walking, and lifting.

26. Plaintiff's husband immediately notified Ms. Malone of Plaintiff's hospitalization.

27. Later that afternoon, Plaintiff informed Ms. Malone that she had been discharged from the hospital, but she would need to be examined by her OBGYN.

28. The next day, Plaintiff returned to work.

29. Upon Plaintiff's return to work, Ms. Malone prevented Plaintiff from speaking with the players and participating in end of the season players meetings, as she had during prior seasons.

30. On or about June 1, 2021, just one week after Plaintiff's medical emergency, Defendant terminated Plaintiff's employment under pretext.

31. Defendant terminated Plaintiff's employment despite Plaintiff being a member of the coaching staff that had just concluded one UCF Softball's most successful seasons in program history.

32. Shortly after Defendant terminated Plaintiff's employment, Defendant hired a male Assistant Coach, Tyler Heil, to replace Plaintiff.

33. At the time of Plaintiff's termination, another one of Defendant's Assistant Coaches, was also pregnant.

34. Ms. Malone was aware of the Assistant Coach's pregnancy as well.

35. Upon information and belief, Ms. Malone threatened to take an adverse action against the Assistant Coach's employment following the conclusion of UCF Softball's season, which ended in May 2021.

36. Shortly thereafter, in July 2021, the Assistant Coach resigned her employment, only to accept a lateral position at another university.

37. Plaintiff has been damaged by Defendant's illegal conduct.

38. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
### Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by the* Pregnancy Discrimination Act of 1978

39. Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-38 above.

40. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

41. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to

discharge, employee compensation, and other terms, conditions, and privileges of employment.

42. Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

## Count II:
### Retaliation in Violation of Title VII

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-38 above.

44. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

45. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

46. Defendant's conduct violated Title VII.

47. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which she is entitled to damages.

48. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count III:
### Disability Discrimination in Violation of the ADA

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

51. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

52. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

53. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

54. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

55. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

56. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and

continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

57. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
## Retaliation in Violation of the ADA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38above.

59. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

60. Defendant's conduct violates the ADA.

61. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

62. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

63. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count V:
## Sex and Pregnancy Based discrimination in Violation of the FCRA

64. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-38 above.

65. Defendant violated the FCRA by terminating and discriminating against Plaintiff based on her sex.

66. Defendant intentionally discriminated against Plaintiff on the basis of her sex and her pregnancy.

67. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

68. Defendant's unlawful conduct in violation of the FCRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious

disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count VI:
### Handicap Based Discrimination in Violation of the FCRA

69. Plaintiff re-alleges and adopts as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

70. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

71. Defendant is prohibited under the FCRA from discrimination against Plaintiff because of her handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

72. Defendant violated the FCRA by discriminating against Plaintiff based on her handicap.

73. Defendant intentionally discriminated against Plaintiff on the basis of her handicap.

74. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

75. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with the conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and punitive damages.

## Count VII:
**Retaliation in Violation of the FCRA**

76. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

77. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

78. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

79. Defendant's conduct violated the FCRA.

80. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

81. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

82. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No. 99040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*